EDWARD HAN (SB# 196924)
edwardhan@paulhastings.com
CHRISTOPHER HAROLD MCGRATH (SB# 149129)
chrismcgrath@paulhastings.com
BRIAN SEARLES KAEWERT (SB# 305140)
briankaewert@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
Telephone:    (650) 320-1800
Facsimile:    (650) 320-1900

*Attorneys for Defendants*
*Kyverna Therapeutics, Inc., Ian Clark, Fred E. Cohen,*
*Brian Kotzin, Steve Liapis, Beth Seidenberg, Daniel K.*
*Spiegelman, Ryan Jones, Dominic Borie, Karen Walker,*
*Peter Maag, and James Chung*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANGELO RONDINI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KYVERNA THERAPEUTICS, INC., J.P. MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, LEERINK PARTNERS LLC, WELLS FARGO SECURITIES, LLC, PETER MAAG, RYAN JONES, DOMINIC BORIE, JAMES CHUNG, KAREN WALKER, IAN CLARK, FRED E. COHEN, BRIAN KOTZIN, STEVE LIAPIS, BETH SEIDENBERG, and DANIEL K. SPIEGELMAN,<br><br>Defendants. | CASE NO. 5:24-cv-08869-PCP<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:    Hon. P. Casey Pitts<br>Date:    December 11, 2025<br>Time:    10:00 a.m.<br>Ctrm:    8 |

Pursuant to Federal Rule of Evidence 201(b) and the doctrine of incorporation by reference, Defendants Kyverna Therapeutics, Inc. ("Kyverna"), Ian Clark, Fred E. Cohen, Brian Kotzin, Steve Liapis, Beth Seidenberg, Daniel K. Spiegelman, Ryan Jones, Dominic Borie, Karen Walker, Peter Maag, and James Chung (collectively, "Kyverna Defendants") will, and hereby do, respectfully request that the Court take judicial notice of the following documents and facts listed below in connection with the Kyverna Defendants' concurrently filed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"):

1. **Exhibit A to the Declaration of Brian S. Kaewert** ("Exhibit A"):  a true and correct copy of Kyverna's Form S-1, Registration Statement, filed with the SEC on January 16, 2024.

2. **Exhibit B to the Declaration of Brian S. Kaewert** ("Exhibit B"):  a true and correct copy of Kyverna's Form S-1/A, Amended Registration Statement, filed with the SEC on February 6, 2024.

3. **Exhibit C to the Declaration of Brian S. Kaewert** ("Exhibit C"): a true and correct copy of Kyverna's Form 424B4, Prospectus, filed with the SEC on February 8, 2024.

4. **Exhibit D to the Declaration of Brian S. Kaewert** ("Exhibit D"):  a true and correct copy of J.P. Morgan's Analyst Report titled, "Kyverna: The Recurrent Case Was Under-Dosed; We See Weakness as an Overreaction," dated June 14, 2024.

5. **Exhibit E to the Declaration of Brian S. Kaewert** ("Exhibit E"):  a true and correct copy of the historical stock price of Kyverna common stock for the period of February 8, 2024 through June 18, 2025, as reported by NASDAQ, which is publicly available at:  https://www.nasdaq.com/market-activity/stocks/kytx/historical.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts consider the pleading and other sources ordinarily examined when ruling on a motion to dismiss, including "matters of which a court may take judicial notice." *In re Unity Software Inc. Sec. Litig.*, No. 22-cv-03962-EKL, 2025 WL 1387952, at *4 (N.D. Cal. Mar. 12, 2025) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).  Courts may take judicial notice of facts

- 1 -

that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Indisputable facts include those that are "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* If a party requests judicial notice, the court must take judicial notice if the court is "supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Additionally, the Court may consider documents incorporated into a complaint by reference. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (collecting cases); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). The doctrine of incorporation by reference allows a court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original). Specifically, "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). This is so that plaintiffs are prevented from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken . . . their claims." *Id.* A court may generally assume that the contents of a document—when incorporated by reference—are true for purposes of a motion to dismiss. *Libman v. Apple, Inc.*, No. 22-cv-07069-EJD, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024).

**Exhibit A** is Kyverna's S-1, Registration Statement, which was filed with the SEC on January 16, 2024. **Exhibit B** is Kyverna's Form S-1/A, Amended Registration Statement, filed with the SEC on February 6, 2024. **Exhibit C** is Kyverna's Form 424B4, Prospectus, filed with the SEC on February 8, 2024. In Plaintiff's Amended Class Action Complaint (the "Complaint" or "Compl."), Plaintiff refers extensively to Exhibits A, B, and C in the Complaint, and even collectively defines them as the "Offering Documents" therein. Plaintiff repeatedly alleges that

- 2 -

Exhibits A, B, and C contain misrepresentations that form the crux of Plaintiff's action. *See, e.g.*, Compl. ¶¶ 1, 7, 54-64, 84–94, 104–108, 110–111. Moreover, documents filed with the SEC and publicly available in the Commission's EDGAR system (like Exhibits A, B, and C) are part of the public record, capable of accurate and ready determination, and routinely subject to judicial notice, as opposed to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); s*ee Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding SEC filings subject to judicial notice). Accordingly, Kyverna Defendants request that the Court consider Exhibits A, B, and C in evaluating the Motion to Dismiss because they are relied upon, quoted, and referenced in the Complaint, as well as not subject to reasonable dispute.

**Exhibit D** is a copy of J.P. Morgan's Analyst Report titled, "Kyverna: The Recurrent Case Was Under-Dosed; We See Weakness as an Overreaction," dated June 14, 2024. The Complaint references and quotes from this Analyst Report in ¶ 82. The Court may take judicial notice of Exhibit D under the doctrine of incorporation by reference because it provides necessary context to allegations in the Complaint—specifically, to Plaintiff's selective quotation from the report. *See* Compl. ¶ 82. Moreover, the Court may take judicial notice of Exhibit D as "[c]ourts routinely take judicial notice of analyst reports . . . in order to determine what may or may not have been disclosed to the public." *Plumbers & Steamfitters Loc. 60 Pension Tr. v. Meta Platforms, Inc.*, No. 4:22-cv-01470-YGR, 2024 WL 4251896, at *9 n.15 (N.D. Cal. Sept. 17, 2024) (quoting *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011)), *appeal docketed*, No. 24-6218 (9th Cir. Oct. 11, 2024).

**Exhibit E** is a copy of Kyverna's publicly available historical stock price for the period of February 8, 2024 through June 18, 2025, as reported by NASDAQ and downloaded therefrom. The Court may also take judicial notice of Kyverna's historical stock prices because "[s]uch historical stock prices are publicly available and not subject to reasonable dispute." *In re SentinelOne, Inc. Sec. Litig.*, No. 23-cv-02786-HSG, 2024 WL 3297150, at *3 (N.D. Cal. July 2, 2024); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) ("[i]nformation about the stock price of publicly traded companies [is] the proper subject of judicial notice" )

- 3 -

(alteration in original), *aff'd in part, rev'd in part*, 84 F.4th 844 (9th Cir. 2023). Indeed, "[c]ourts may take judicial notice of historical stock prices because they are 'subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Doyun Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2019 WL 2232545, at *5 (N.D. Cal. May 23, 2019) (quoting *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009)); *see also Metzler Inv. GMBH*, 540 F.3d at 1064 n.7 (finding that judicial notice of reported stock price history was proper); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

For the foregoing reasons, the Kyverna Defendants respectfully request that this Court consider the herein-referenced documents in connection with their Motion to Dismiss and grant this Request for Judicial Notice.

DATED: June 26, 2025                         PAUL HASTINGS LLP


By: */s/ Edward Han*
     EDWARD HAN (SB# 196924)

*Attorneys for Defendants*
*Kyverna Therapeutics, Inc., Ian Clark,*
*Fred E. Cohen, Brian Kotzin, Steve Liapis,*
*Beth Seidenberg, Daniel K. Spiegelman,*
*Ryan Jones, Dominic Borie, Karen Walker,*
*Peter Maag, and James Chung*

- 4 -